IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02695-RBJ-KMT

PAMELA PITTMAN,

    Plaintiff,

v.

WAKEFIELD & ASSOCIATES, INC.,

    Defendant.

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant Wakefield's motion for summary judgment. ECF No. 21. For the reasons stated below the Court GRANTS in part and DENIES in part defendant's motion.

## I. BACKGROUND

This is a Fair Debt Collection Practices Act (FDCPA) case. Wakefield is a debt collector that was collecting two consumer debts from plaintiff Pamela Pittman: a medical bill from Pueblo Pathology Group and an electric bill from San Isabel Electric. ECF No. 1 at 2; ECF No. 21 at 1. Wakefield began reporting the medical debt on Ms. Pittman's credit report in November 2014. ECF No. 21 at 2. Ms. Pittman alleges that she disputed this debt with Wakefield by sending a dispute letter dated March 3, 2016 via fax. ECF No. 1 at 2. Upon examination of her credit report in May 2016, Ms. Pittman found that Wakefield had re-reported the medical debt in May 2016 and had failed to list the account as "disputed by customer" despite being required to

1

do so by the FDCPA.  *Id.*  Again in September 2016 Ms. Pittman found that Wakefield had re-reported the medical debt in June 2016 without marking it as disputed.  *Id.* at 2–3.

Wakefield contends that it did not receive Ms. Pittman's March 3, 2016 dispute letter related to the medical debt, but instead that it only received a demand letter related to this debt on June 17, 2016.  ECF No. 21 at 2.  This June 2016 demand letter, however, referenced Ms. Pittman's March 3, 2016 dispute letter.  ECF No. 21-1 at 17.  Wakefield stopped reporting both the medical and electric debts on July 4, 2016.  ECF No. 21 at 2.  Wakefield received an additional dispute letter about the electric bill on July 27, 2016.  *Id.*

Ms. Pittman filed suit in November 2016, alleging that Wakefield had violated various provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f.  ECF No. 1 at 3.  Section 1629d of the FDCPA prohibits debt collectors from harassing, oppressing, or abusing "any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  As relevant here, section 1692e(2) prohibits debt collectors from falsely representing "the character, amount, or legal status" of a debt; section 1692e(5) prohibits them from threatening to take an action they cannot legally take; section 1692e(8) prohibits them from communicating false information, "including the failure to communicate that a disputed debt is disputed;" and section 1692e(10) prohibits them from using false representations to collect debts.  *Id.* § 1692e.  Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect debts.  *Id.* § 1692f.

Ms. Pittman's complaint did not specify whether she was bringing her claims with respect to the medical debt or the electric debt, but she clarified in her opposition to Wakefield's motion for summary judgment that her dispute was with respect to the medical debt only.  ECF

2

No. 24 at 2.  Thus, her central argument is that Wakefield violated the FDCPA by failing to mark the medical debt as "disputed" after she disputed it on March 3, 2016.  *Id.* at 11.

Ms. Pittman provided Wakefield with her Rule 26(a)(1) initial disclosures via email on January 12, 2017, in which she both referenced and attached a copy of her March 3, 2016 dispute letter.  ECF No. 24 at 5; ECF No. 24-3 at 2–3.  Wakefield served Ms. Pittman with its discovery requests on January 20, 2017, and Ms. Pittman received them on January 27, 2017.  ECF No. 21 at 5.  The following requests for admissions were included therein:

> a. Admit that you did not send a dispute letter to Defendant on March 3, 2016.
> b. Admit that you did send a dispute letter to Defendant on July 27, 2016.
> c. Admit that the dispute letter you sent on July 27, 2016 was the only dispute letter you sent to Defendant.
> d. Admit that you have no evidence you suffered any actual damages as a result of Defendant's alleged conduct.
> e. Admit that you have no documented evidence that you suffered any actual damages as a result of Defendant's alleged conduct.
> f. Admit that you never disputed the reporting of the debt directly with any credit reporting agency.
> g. Admit that you have no evidence that Defendant harassed you in an attempt to collect the debt.
> h. Admit that you have no documented evidence that that [sic] Defendant harassed you in an attempt to collect the debt.
> i. Admit that you have no evidence that Defendant abused you in an attempt to collect the debt.
> j. Admit that you have no documented evidence that that [sic] Defendant abused you in an attempt to collect the debt.

*Id.*  Ms. Pittman did not respond to Wakefield's discovery requests, even after receiving a reminder email on March 6, 2017.  *Id.*

On April 18, 2017 Wakefield moved for summary judgment on Ms. Pittman's FDCPA claims, arguing that because she failed to respond to Wakefield's request for admissions, the matters requested therein are deemed conclusively admitted.  *Id.*  This motion has been fully briefed.  *See* ECF Nos. 21, 24, 25.

3

## II. STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court will examine the factual record and make reasonable inferences in the light most favorable to the party opposing summary judgment. *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## III. ANALYSIS

Wakefield seeks summary judgment on the grounds that Ms. Pittman's failure to respond to its request for admissions resulted in her admitting each of the matters therein, as outlined above, including that she did not send a dispute letter on March 3, 2016. ECF No. 21 at 5. As such, Wakefield argues that Ms. Pittman has no evidence to support her FDCPA claims. *Id.* at 5–9. Ms. Pittman counters that Wakefield was obliged to confer with her about her failure to respond to the request for admissions. ECF No. 24 at 4. Additionally, she argues that because she attached a copy of her March 3, 2016 dispute letter to her Rule 26(a)(1) initial disclosures in January 2017, she has provided evidence of a genuine issue of material fact with respect to whether she disputed her debt in March 2016. *Id.* at 5–6. Finally, Wakefield argues in its reply

that Ms. Pittman abandoned her section 1629d and 1629f claims by failing to respond to Wakefield's arguments on those sections in its motion for summary judgment. ECF No. 25 at 5–6. I will first address the status of Wakefield's request for admissions and then address whether summary judgment is appropriate on Ms. Pittman's claims.

**A. <u>Rule 36 Request for Admissions</u>.**

Rule 36 of the Federal Rules of Civil Procedure "allows litigants to request admissions to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). The purpose of Rule 36 is to allow "litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id.* (citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2254 (1994)). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3).

Once a matter is admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). However, a party can seek relief from its deemed admissions by filing a Rule 36(b) motion for withdrawal or amendment of its admissions. *Schendzielos v. Borenstein*, 16-CV-00564-RBJ, 2016 WL 614473, at *3 (D. Colo. Feb. 16, 2016). "Alternatively, the Tenth Circuit has held 'that a response to a motion for summary judgment arguing in part that the opposing party should not be held to its admissions can constitute a Rule 36(b) motion to withdraw those admissions.'" *Id.* (quoting *Bergemann v. United States*, 820 F.2d 1117, 1120–21 (10th Cir. 1987)). In *Schendzielos*, the defendants' response to the plaintiff's motion for summary judgment "addresse[d] plaintiff's claim that the [request for admissions] should be deemed admitted due to an untimely filing," so

5

the Court allowed the response to be treated as a motion to withdraw the admissions. *Id.* at *4. Similarly in this case, although Ms. Pittman has not moved to withdraw her admissions, she does argue in her response to Wakefield's motion for summary judgment that she should not be held to her admissions. ECF No. 24 at 3–5. While I disagree with her rationale, I find that her response may be properly considered as a motion to withdraw her admissions, and I find that withdrawal is appropriate in this case.

Under Rule 36(b), a court "may exercise its discretion to permit withdrawal or amendment of an admission 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Schendzielos*, 2016 WL 614473, at *3 (quoting *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005)). The first 36(b) factor "'emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case.'" *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Thus, the Tenth Circuit has found that allowing withdrawal or amendment of admissions is necessary when "the admissions at issue conceded the core elements of [the plaintiff's] case." *Id.*

The second 36(b) factor is satisfied when the party who obtained the admissions cannot show that it would be prejudiced by the withdrawal of the admissions. "Mere inconvenience does not constitute prejudice for this purpose." *Id.* "In particular, '[p]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.'" *Id.* (quoting *Kirtley v. Sovereign Life Ins. Co.*, 212 F.3d 551, 556 (10th Cir. 2000)). In *Raiser* there was no evidence that the defendant was prejudiced by having prepared a motion for summary

judgment based on the plaintiff's admissions, even where the plaintiff had given no excuse for his failure to respond to the request for admissions. *Id.* at 1247. The Tenth Circuit therefore found that withdrawal or amendment of the admissions was appropriate. *Id.* Similarly in *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987), the court noted that there was no prejudice caused by permitting the withdrawal of the defendants' admission as to a central fact in the case when the plaintiff who had requested the admission "clearly knew defendants challenged the existence of" that fact.

The first 36(b) factor weighs in favor of allowing withdrawal of Ms. Pittman's admissions, since withdrawal would "subserve the presentation of the merits of the case." *Schendzielos*, 2016 WL 614473, at *4. In this case, as in *Raiser*, Wakefield's request for admissions asked Ms. Pittman to concede the "core elements" of her case, including, for example, that she had not sent a dispute letter in March 2016, that her only dispute letter was sent in July 2016, and that she had suffered no damages from Wakefield's conduct. *See* ECF No. 21 at 5. In particular, Ms. Pittman's admission that she did not send the March 3, 2016 dispute letter would undermine the remainder of her case, since it would conclusively establish that Wakefield had not reported a disputed debt as non-disputed. Thus, allowing this admission to stand would "practically eliminate any presentation of the merits of the case." *Schendzielos*, 2016 WL 614473, at *4.

The second 36(b) factor also weighs in favor of allowing withdrawal of Ms. Pittman's admissions, since Wakefield has not provided evidence that it would be prejudiced by the withdrawal. "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously admitted." *Raiser*, 409

F.3d at 1246 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Wakefield has not alleged that it would have any such difficulty defending its case were Ms. Pittman's admissions to be withdrawn. Although I agree with the Tenth Circuit in *Raiser* that "no litigant should ignore deadlines established by applicable rules," I am guided by that court's instruction that "more than a failure to meet deadlines is required to deny a party relief from an admission." *Id.* at 1247. Additionally, as in *Bergemann*, Wakefield "clearly knew" Ms. Pittman challenged Wakefield's contention that she had not sent the March 3, 2016 dispute letter based on her June 17, 2016 demand letter, her complaint, and her initial disclosures. 820 F.2d at 1121; *see* ECF No. 21-1 at 17; ECF No. 1 at 2; ECF No. 24-3. Thus, Wakefield may not now contend that it did not expect a dispute on this issue. Because there is no evidence of any hardship to Wakefield resulting from allowing Ms. Pittman to withdraw her admissions, I find that the second 36(b) factor is satisfied.

Though withdrawal of Ms. Pittman's admissions is appropriate to allow the case to proceed on its merits, I must emphasize that I by no means condone Ms. Pittman's failure to respond to Wakefield's request for admissions. Under the Federal Rules of Civil Procedure, Ms. Pittman was required to respond within thirty days of service of Wakefield's request. Fed. R. Civ. P. 36(a). Contrary to Ms. Pittman's contention, Wakefield was not required to confer with her about its request for admissions. Rule 36 contains no such requirement, and Rule 37, which requires conferral when a motion to compel is at issue, was not invoked in this case. Wakefield reminded Ms. Pittman of its request for admissions via email on March 6, 2017, more than thirty days after serving the request. ECF No. 21 at 4. Wakefield was thus within its rights to file a motion for summary judgment based on Ms. Pittman's admissions. Wakefield need not have conferred before filing the present motion either, as summary judgment motions are exempted

from conferral requirements. D.C.COLO.LCivR 7.1(b)(3). Finally, Ms. Pittman failed to file a motion to withdraw or amend her admissions as she is permitted to do under Rule 36(b). Ms. Pittman's counsel has provided no reason for these compounding failures.

Thus, though I will not sanction Ms. Pittman for her counsel's failings by deeming the above admissions conclusively admitted, I will require that Ms. Pittman respond to Wakefield's longstanding request for admissions within twenty days of this order.

### B. **Summary Judgment.**

Although her admissions are withdrawn, Ms. Pittman must establish a genuine issue of material fact with respect to her FDCPA claims to survive Wakefield's motion for summary judgment. I find that she has established a genuine issue of material fact with respect to her claims under section 1629e, but that she has abandoned her claims under sections 1629d and 1629f.

As Wakefield notes, Ms. Pittman failed to respond to Wakefield's arguments with respect to sections 1629d and 1629f in her response to Wakefield's motion for summary judgment, thereby apparently conceding these claims. *See* ECF No. 25 at 5–6. A plaintiff's failure to address her asserted claim in a response to a motion for summary judgment is proper grounds to grant summary judgment in the defendant's favor. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (affirming the district court's decision to grant summary judgment for defendants on a claim that the plaintiff abandoned when he failed to address it in his response to defendants' motion for summary judgment); *see also Hutton v. Woodall*, 70 F. Supp. 3d 1235, 1239 (D. Colo. 2014) (finding claims abandoned at the summary judgment stage when the plaintiff failed to address the defendant's arguments in its motion for summary judgment). In her response to Wakefield's motion for summary judgment, Ms. Pittman briefly

9

addressed sections 1629d and 1629f as constituting part of the "substantive heart of the FDCPA." ECF No. 24 at 9. However, beyond this sweeping statement, she has provided no evidence or argument that Wakefield violated 1629d or 1629f. Instead, her argument supports her 1629e claim alone. *See id.* at 10–11. Because I agree with Wakefield that Ms. Pittman has abandoned her claims under 1629d and 1629f, summary judgment is appropriate with respect to her claims under these sections.

With respect to Ms. Pittman's claims under section 1629e, in contrast, I am satisfied that she has demonstrated a genuine issue of material fact sufficient to survive summary judgment. Without Ms. Pittman's admission that she did not send the March 3, 2016 dispute letter, there is a genuine issue as to whether she did send this letter. Ms. Pittman's Rule 26(a)(1) disclosure included a copy of the fax transmittal by which she allegedly sent the dispute letter. *See* ECF No. 24-1. This fax transmittal indicates that Ms. Pittman successfully sent Wakefield a dispute about her medical bill on March 3, 2016. *Id.* Wakefield's evidence to the contrary is a sworn affidavit from Wakefield's Chief Operations Officer averring that Wakefield did not receive this dispute letter. ECF No. 21-1 at 3. The affidavit is supported by account notes that do not show an entry of this dispute letter. *Id.* at 10. The parties' conflicting evidence establishes a genuine issue of material fact with respect to whether Wakefield misreported Ms. Pittman's debt as non-disputed after she sent her dispute letter.

I am not convinced by Wakefield's argument that the copy of the dispute letter Ms. Pittman has provided the Court is not competent summary judgment evidence. Wakefield contends that "[t]here is nothing authenticating the document besides that [sic] fact that Plaintiff produced it in her initial disclosures." ECF No. 25 at 4. I disagree. Ms. Pittman provided a copy of the fax transmission of the March 3, 2016 dispute letter as an attachment to a sworn

affidavit. ECF No. 24-3. This affidavit provides that "attached to the January 12, 2017 email was a copy of the Plaintiff's March 3, 2016 dispute letter." *Id.* at 2. Though this affidavit does not explicitly swear that the dispute letter was sent on March 3, 2016, I am satisfied that the affidavit properly authenticates the existence of the letter such that the letter may be considered at the summary judgment stage. As a result, there is sufficient evidence of the March 3, 2016 dispute letter to create a genuine issue of material fact with respect to whether Ms. Pittman disputed this debt as she claims.

Wakefield's motion for summary judgment is thus DENIED with respect to Ms. Pittman's claims under 15 U.S.C. § 1629e and GRANTED with respect to her claims under 15 U.S.C. §§ 1629d and 1629f.

**ORDER**

For the reasons described herein, the defendant's motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's claims under sections 1629d and 1629f are dismissed with prejudice. Plaintiff is ordered to respond to defendant's request for admissions within twenty days of this order.

DATED this 21st day of November, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge